UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES A. BATTLE, ) | |
| ) | |
| Plaintiff, ) | CASE NO.  C10-5410-RSM-MAT |
| ) | |
| v. ) | |
| ) | ORDER DENYING REQUEST FOR |
| POLICE CHIEF DAVID HAYNES, *et al.*, ) | APPOINTMENT OF COUNSEL |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on plaintiff's request for appointment of counsel. The Court, having reviewed plaintiff's request, defendants' response thereto, and the balance of the record, does hereby find and ORDER as follows:

(1) Plaintiff's request for appointment of counsel (Dkt. No. 17) is DENIED.  There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional

ORDER DENYING REQUEST FOR
APPOINTMENT OF COUNSEL
PAGE -1

circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel at the present time.

(2) The Clerk shall direct copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this <u>18th</u> day of October, 2010.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING REQUEST FOR
APPOINTMENT OF COUNSEL
PAGE -2