01
02
03
04
05
06
07          UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
08                     AT SEATTLE

09  JAMES A. BATTLE, JR.,                )
                                         )
        Plaintiff,                       )   CASE NO.  C10-5410-RSM-MAT
10                                       )
        v.                               )
11                                       )   ORDER ADOPTING REPORT AND
    DAVID HAYNES, *et al.*,              )   RECOMMENDATION
12                                       )
        Defendants.                      )
13  _____ )

14      This matter comes before the Court upon Defendants' Objections to the Report and

15  Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt.

16  #41).  For the reasons set forth below, the Court adopts the Report and Recommendation

17  ("R&R"), dismissing Plaintiff's complaint with respect to Defendant David Haynes, denying

18  dismissal of Plaintiff's complaint with respect to Defendants Alan Baalaer and Josh Vivet, and

19  striking the remaining motions from the calendar.

20      Plaintiff proceeds *pro se* and *in forma pauperis.*  On October 14, 2010, Defendants

21  moved to dismiss Plaintiff's complaint on the basis of the claim splitting doctrine (Dkt. #27).

22  Defendants argued that the instant action was duplicative of Plaintiff's earlier filed action,

ORDER ADOPTING REPORT
AND RECOMMENDATION -1

01 *Battle v. Haynes,* C09-818-RAJ.  *See Adams v. California Department of Health Service,* 487

02 F.3d 684 (9th Cir. 2007).   While acknowledging that it was "admittedly a close call," Judge

03 Theiler concluded that "the two actions do not arise out of the same transactional nucleus of

04 facts and that they are not the same for purposes of the duplicative action test with respect to

05 defendants Baalaer and Vivet."   Dkt. #40 at 12.   Concluding that the claim splitting doctrine

06 did apply to Defendant Haynes, Judge Theiler recommended dismissal Defendant Haynes from

07 the action.

08       Defendants filed Objections to Judge Theiler's R&R, in which they argued that the

09 R&R did not take into account the analogous nature of *Adams v. California* and the case at bar;

10 did not appropriately apply the authority of *Adams;* did not apply the proper weight to the

11 fourth factor of the transaction test – whether the suit arises out of the same transactional

12 nucleus of facts; failed to acknowledge the fact that Plaintiff could have and should have

13 brought claims against Officers Baalaer and Vivet in his first suit; and failed to take into

14 account the costs of piecemeal litigation. Dkt. #41. Plaintiff filed a Response to Defendants'

15 Objections in which he did not challenge Judge Theiler's R&R. Dkt. #44. Plaintiff additionally

16 requests that Defendants' Objections be stricken for failure to properly serve Plaintiff. *Id.*

17       With respect to service, the Court notes Plaintiff's objections to Defendants' service of

18 process and admonishes Defendants to ensure that, in the future, all motions are properly served

19 upon the Plaintiff according to the Local Rules and Federal Rules of Civil Procedure.

20 However, because Defendants did not have the opportunity to respond to Plaintiff's request that

21 the Objections be stricken on the basis of improper service, the Court DENIES Plaintiff's

22 motion to strike Defendants' Objections.

ORDER ADOPTING REPORT
AND RECOMMENDATION -2

01        The Court now turns to Defendants' Objections.  When reviewing a Magistrate Judge's

02 Report and Recommendation, this Court "must make a de novo determination of those portions

03 of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in

04 part, the findings or recommendations made by the Magistrate." 28 U.S.C. § 636(b)(1)(C); see

05 also *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir.1991) (citing *Britt v. Simi Valley Unified*

06 *Sch. Dist.,* 708 F.2d 452, 454 (9th Cir.1983)).    In addition, courts liberally construe pleadings

07 of *pro se* litigants, see *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), and seek to avoid

08 denying *pro se* litigants a hearing on the merits due to ignorance of procedural technicalities,

09 *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10        With respect to Defendants' contention that the R&R did not account for the analogous

11 procedural history of this case and that of *Adams,* the Court notes that the two cases, while

12 similar in many respects, are also crucially dissimilar.   The Plaintiff in *Adams* sought to amend

13 her complaint to add additional defendants well after the discovery deadline had passed.   487

14 F. 3d at 687.   Upon being denied leave to amend on the basis that it would be prejudicial to the

15 defendants at such a late date, the *Adams* plaintiff then filed a new lawsuit in which she named

16 additional defendants and added additional causes of action.   *Id.*   In contrast, the Plaintiff here

17 sought leave to amend his complaint well before the discovery cut-off.   He was denied leave

18 because he failed to file a motion requesting leave to file his amended complaint.   He was

19 instructed to file a motion for leave to amend.   Instead, he filed a second lawsuit in which he

20 named new defendants and asserted new causes of action.   The second lawsuit in this case,

21 unlike the second lawsuit in *Adams,* was also filed before the discovery cutoff in the first case.

22 Therefore, while the severe sanction of dismissal with prejudice was held to be appropriate in

ORDER ADOPTING REPORT
AND RECOMMENDATION -3

*Adams,* there are sufficient procedural differences between this case and *Adams* to warrant a concomitantly different outcome. Furthermore, Defendants may address their concerns regarding the cost of piecemeal litigation through other means, including a motion for consolidation.

In sum, having reviewed plaintiff's complaint, defendants' motion to dismiss, plaintiff's motion to amend his complaint, plaintiff's motion for partial summary judgment, plaintiff's "motion" objecting to defendants' request for a continuance of plaintiff's summary judgment motion, the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge, Defendants' Objections to the R&R, Plaintiff's Response thereto, and the remaining record, the Court agrees with Judge Theiler that whether the case should be dismissed under *Adams* the claim splitting doctrine is a close call. However, Judge Theiler's analysis is thorough and consistent with Ninth Circuit precedent.

The Court does hereby ORDER:

(1) The Court adopts the Report and Recommendation (Dkt. #40);

(2) Defendants motion to dismiss (Dkt.#27) is GRANTED with respect to defendant David Haynes and DENIED with respect to defendants Alan Baalaer and Josh Vivet;

(3) Plaintiff's motion to amend his complaint (Dkt.#35), plaintiff's motion for partial summary judgment (Dkt. #31), and plaintiff's "motion" objecting to defendants' request for a continuance of plaintiff's summary judgment motion (Dkt. #37) are STRICKEN;

(4) Plaintiff's request that defendant's Objections be stricken (Dkt.#44) is DENIED;

//

ORDER ADOPTING REPORT
AND RECOMMENDATION -4

//

  (5) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Mary Alice Theiler.

  DATED this 25th day of March 2011.

                  _____
                  RICARDO S. MARTINEZ
                  UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT
AND RECOMMENDATION -5