UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES A. BATTLE, JR., ) | |
| ) | |
| Plaintiff, ) | CASE NO. C10-5410-RSM-MAT |
| v. ) | |
| ) | ORDER STRIKING PLAINTIFF'S |
| DAVID HAYNES, *et al*., ) | MOTIONS TO COMPEL |
| ) | |
| Defendants. ) | |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. This matter comes before the Court at the present time on two motions by plaintiff to compel discovery. Defendants have filed responses to both motions and both motions are now ripe for review. The Court, having reviewed plaintiff's motions, and the balance of the record, does hereby find and ORDER as follows:

(1) Plaintiff's motion to compel responses to his first set of interrogatories and requests for production of documents (Dkt. No. 51) is STRICKEN. Plaintiff seeks to compel defendant Josh Vivet to respond to his first set of interrogatories and requests for production of documents. (Dkt. No. 51.) Defendants, in their response to plaintiff's first motion, request that the motion be denied because plaintiff failed to meet and confer in a good faith effort to

ORDER STRIKING PLAINTIFF'S
MOTIONS TO COMPEL
PAGE - 1

resolve the discovery issue prior filing the motion as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure.[1]  (Dkt. No. 59.)

Plaintiff, in his reply brief in support of his first motion to compel, suggests that he satisfied the Rule 37(a)(1) requirement because he requested a discovery conference in a letter directed to defendants' counsel on April 1, 2011 which defendants' counsel failed to respond to. (*See* Dkt. No. 60.)  However, the record makes clear that plaintiff sent the letter to defendants' counsel *with* his first set of interrogatories and requests for production, and that the purpose of the requested discovery conference was to establish a discovery plan in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, not to resolve any outstanding discovery dispute. (*See* Dkt. No. 52 at 1 and Ex. A.)

Plaintiff's April 1, 2011 letter clearly did not satisfy the requirements of Rule 37(a)(1) and plaintiff's suggestion to the contrary is disingenuous.  Plaintiff has litigated actions in this court in the past and should be well familiar with the prerequisites for filing motions to compel and with the specific requirements of Rule 37(a)(1).  *See Battle v. Haynes, et al.*, C09-818-RAJ, Dkt. No. 81.  Plaintiff will not be permitted to circumvent those requirements.

(2)  Plaintiff's motion to compel complete answers to his second set of interrogatories (Dkt. No. 65) is STRICKEN.  Plaintiff seeks to compel defendant Vivet to supply complete answers to five of the interrogatories contained in plaintiff's second set of interrogatories and requests for production (interrogatory numbers 4, 6, 7, 8, and 11).  (*Id.* at

---

[1] Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures.  *See* Fed. R. Civ. P. 37(a)(1).

1.) The materials provided by plaintiff in support of his motion reflect that defendant Vivet objected to each of the five interrogatories as compound, vague and confusing, and then, pursuant to Fed. R. Civ. P. 33(d), referred plaintiff back to police reports which were provided to plaintiff in a prior lawsuit. (Dkt. No. 65, Declaration of James Battle, Appendix A.)

Defendants, in their response to plaintiff's second motion to compel, request that the motion be denied because, again, plaintiff failed to meet and confer in a good faith effort to resolve the discovery issue before filing the motion. (Dkt. No. 66.) Defendants acknowledge that the parties participated in a telephonic discovery conference on June 21, 2011, but they assert that plaintiff's motion papers do not reflect any effort by him to actually resolve the discovery dispute in good faith prior to bringing his motion to compel. (*Id*. at 6.)

Defendants have provided the Court with a copy of a letter prepared by defendants' counsel following the June 21 telephonic conference, and directed to plaintiff, which memorialized the conference. (Dkt. No. 67, Ex. 2.) Defendants' counsel noted in the letter that plaintiff had complained during the conference about defendants referring him back to police reports provided in an earlier lawsuit in response to certain interrogatories.[2] (*Id*.) The letter indicates that counsel advised plaintiff she had no obligation to duplicate previous discovery and that plaintiff agreed to go back and review the prior discovery to make sure he had the reports which were referenced in defendant Vivet's discovery responses. (Dkt. No. 67, Ex. 2.) The letter also indicates that counsel explained to plaintiff that, pursuant to Rule 33(d) of the Federal Rules if Civil Procedure, defendants were entitled to refer back to police reports

---

[2] The previous lawsuit in which the relevant reports were produced was *Battle v. Haynes, et al*., C09-818-RAJ.

ORDER STRIKING PLAINTIFF'S
MOTIONS TO COMPEL
PAGE - 3

in response to some of plaintiff's discovery questions.  (*Id*.)

Plaintiff, in his reply brief, asserts that he did not agree with defendants' reliance on Rule 33(d) and that is what prompted him to file his second motion to compel. (*See* Dkt. No. 69.)  It is noteworthy, however, that plaintiff makes no reference to the Rule 33(d) issue in his motion to compel.  (*See* Dkt. No. 65)  Instead, plaintiff objects in his motion to the fact that defendant Vivet's answers to the five interrogatories at issue required him to refer back to discovery provided in another lawsuit and he suggests that any reports relied upon in response to discovery requests made in this action should be produced in this action, even if they were previously produced in a separate action.  (*See id*. at 3 and 6.)  The letter memorializing the discovery conference indicates that this issue was addressed and apparently resolved.  (*See* Dkt. No. 67, Ex. 2.)  If plaintiff was dissatisfied with the manner in which the issue was resolved, he apparently did not share that fact with defendants' counsel.  Thus, in this Court's view, plaintiff failed to fully comply with Rule 37(a)(1) before filing his second motion to compel and the motion must therefore be stricken.[3]

(3) Plaintiff requests in both of his motions to compel that he be awarded reasonable costs and fees incurred in bringing his motions.[4]  Plaintiff also requests in his second motion

---

[3] Plaintiff should be aware as he moves forward with discovery that this Court will not require defendants to produce materials that have already been provided to plaintiff, even if those materials were provided to plaintiff in a different action.  To require such duplication would be costly and time consuming and would serve no relevant purpose.

[4] Plaintiff also request in his first motion that the Court enter an order of default based on defendants' failure to comply with Rule 26(f) of the Federal Rules of Civil Procedure. However, plaintiff appears to now understand that Rule 26(f) does not apply in this case because plaintiff is incarcerated and is proceeding *pro se*.  *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) and Fed. R. Civ. P. 26(f)(1).

that sanctions be imposed on defendants because they failed to timely respond to his second set of interrogatories and requests for production and because they served their responses improperly.

Defendants request in their responses to both motions to compel that monetary sanctions be imposed against plaintiff for his failure to comply with the requirements of Rule 37(a)(1). Defendants note in their response to plaintiff's first motion to compel that defendant Vivet's responses to plaintiff's first set of interrogatories and requests for production were, in fact, timely served on plaintiff and that plaintiff signed, and apparently mailed, his motion to compel before the thirty day deadline for responding to the discovery requests had even elapsed. (*Id*.) Defendants further note that plaintiff was previously admonished by the court, in a separate proceeding, about filing a motion to compel in advance of the date the discovery was due and prior to trying to confer with opposing counsel. (*Id*.)

Defendants note in their response to plaintiff's second motion to compel that the responses to plaintiff's second set of discovery requests were placed in the mail in a timely fashion but were not delivered in a timely fashion because of a processing delay by the United States Postal Service. Defendants further note that after learning of this problem, they forwarded the discovery responses to plaintiff, via e-mail, through his prison counselor in an effort to expedite their delivery. The e-mailed responses were sent on June 16, 2011, the same date the United States Postal Service ultimately delivered the previously mailed discovery materials to plaintiff.

Because both of plaintiff's motions to compel were procedurally deficient, and arguably unnecessary, plaintiff is not entitled to any costs he may have incurred in preparing these

ORDER STRIKING PLAINTIFF'S
MOTIONS TO COMPEL
PAGE - 5

motions. The Court also declines to impose sanctions against defendants as plaintiff fails to demonstrate that defendants engaged in any misconduct.

Defendants make a better case for the imposition of monetary sanctions against plaintiff given that plaintiff was previously warned by Judge Tsuchida in cause number C09-818-RAJ about the sort of abusive litigation tactics evident here. However, while the undersigned does not condone plaintiff's tactics, the Court will at this juncture merely reiterate Judge Tsuchida's warning that abusive litigation tactics will not be tolerated going forward and that appropriate sanctions will be imposed if plaintiff continues to engage in vexatious litigation practices. *See* Local Rule GR 3(d).

(4) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this 14th day of July, 2011.

Mary Alice Theiler
United States Magistrate Judge