UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES A. BATTLE, JR., | ) |
| Plaintiff, | ) CASE NO. C10-5410-RSM-MAT |
| v. | ) |
| | ) ORDER DENYING PLAINTIFF'S |
| ALAN BAALAER, *et al*., | ) MOTION FOR LEAVE TO SERVE |
| | ) ADDITIONAL INTERROGATORIES |
| Defendants. | ) |

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion for leave to serve additional interrogatories on defendant Vivet. Defendant Vivet has filed a response in opposition to plaintiff's motion. The Court, having reviewed plaintiff's motion, and the balance of the record, does hereby find and ORDER as follows:

(1) Plaintiff's motion for leave to serve additional interrogatories on defendant Vivet (Dkt. No. 76) is DENIED. Plaintiff, by way of the instant motion, seeks leave of court to serve on defendant Vivet additional interrogatories in excess of the 25 permitted by Rule 33(a)(1) of the Federal Rules of Civil Procedure. Plaintiff concedes in his motion that he has

01 already served a total of 38 interrogatories on defendant Vivet, but he asserts that defendant
02 Vivet has only answered 18 of those interrogatories.  Plaintiff claims that he has been denied
03 answers to the remaining 20 interrogatories under Rules 33(d) and 33(a)(1) of the Federal Rules
04 of Civil Procedure.  Plaintiff asks that he be permitted to serve an additional seven
05 interrogatories so that he receives the full complement of interrogatories to which he is entitled
06 under Rule 33(a)(1).

07 Defendant Vivet argues in his response to plaintiff's motion that the motion should be
08 denied because he has answered 25 of the 38 interrogatories served on him and has therefore
09 fully complied with his discovery obligations under the Federal Rules of Civil Procedure.
10 Defendant Vivet also notes that plaintiff has provided no legal authority to support his request
11 to serve additional interrogatories.

12 Specifically at issue here are those interrogatories to which defendant Vivet responded
13 by referring plaintiff back to previously provided police reports in accordance with Rule 33(d).
14 Plaintiff asserts that those interrogatories should not be counted against the 25 to which he is
15 entitled because defendant Vivet did not fully answer those interrogatories.   However, plaintiff
16 fails to demonstrate that defendant Vivet's reliance on Rule 33(d) was inappropriate or that
17 referring plaintiff back to previously provided police reports constituted an inadequate response
18 to any of the interrogatories at issue.  It appears that defendant Vivet has complied with his
19 discovery obligations and plaintiff makes no showing that additional interrogatories are
20 warranted.

21 / / /

22 / / /

(2) The parties' respective requests for imposition of sanctions are DENIED.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this 31st day of August, 2011.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge